# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE | : | CIVIL ACTION |
|    *Plaintiff, pro se* | : | |
| | : | NO. 16-3261 |
| v. | : | |
| | : | |
| LAW SCHOOL ADMISSION | : | |
| COUNCIL, INC. | : | |
|    *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                            OCTOBER 20, 2017

# MEMORANDUM OPINION

## INTRODUCTION

Before this Court is a motion to dismiss filed pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) by Defendant Law School Admission Council, Inc., ("Defendant"), [ECF 10], which seeks the dismissal of the claims asserted against it based on a lack of subject matter jurisdiction and a failure to state a claim on which relief can be granted. Plaintiff Jane Doe ("Plaintiff"), proceeding *pro se*, opposes the motion. [ECF 12]. The issues raised in the motion to dismiss have been fully briefed and are ripe for disposition.

For the reasons stated herein, the motion to dismiss is granted.

## BACKGROUND

On July 20, 2016, Plaintiff filed a *pro se* complaint in which she avers, *inter alia*, that in 2015 and 2016, Defendant violated Title III of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12101 *et seq.*, when it denied her requests for accommodations during multiple administrations of the Law School Admissions Test (the "LSAT"). [ECF 1, 5]. On April 3, 2017, Defendant filed the instant motion to dismiss the complaint. When considering Defendant's motion to dismiss, this Court accepts, as true, all relevant factual allegations in the

complaint. *See Fowler v. UPMC Shadyside*, 579 F.3d 203, 210-11 (3d Cir. 2009). These allegations are summarized as follows:

> Defendant is a business entity that administers the LSAT, a standardized examination that is required for admission to accredited law schools in the United States. (*See* Compl. at ¶¶ 3, 5). The LSAT is administered four times a year at designated testing centers throughout the United States. (*Id.* at ¶ 9). The LSAT is comprised of six sections that measure an applicant's reading comprehension, analytical reasoning, and logical reasoning skills. (*Id.*). These sections are comprised of one reading comprehension section, two logical reasoning sections, one analytical reasoning section, one writing sample, and one "experimental section" that can be either a reading comprehension, analytical, or logical reasoning section. (*Id.*).
>
> Plaintiff alleges that she suffers from numerous permanent disabilities, including, *inter alia*, attention deficit hyperactivity disorder and dyslexia, a reading disorder. (*Id.* at ¶ 8). Plaintiff alleges that she applied for, and was denied, testing accommodations for LSAT administrations in 2008 and 2009. (*Id.* at ¶ 7). Plaintiff also submitted a timely request in April 2015 for an accommodation of extra time on the June 2015 LSAT, but Defendant denied her request due to a lack of the requisite documentation. (*See id.* at ¶ 9). After a series of accommodation requests that were denied, Plaintiff filed this action seeking redress for the "April 17, 2015 to present, and the upcoming October 2016 accommodation request." (*Id.* at ¶ 7).

**LEGAL STANDARDS**

Defendant argues, *inter alia,* that (1) this Court lacks subject matter jurisdiction over all of Plaintiff's claims because they are not ripe for review; (2) Counts I through IV fail, as a matter of law, to the extent that they seek monetary damages since Title III explicitly provides litigants with the right to pursue only injunctive relief; and (3) to the extent that the claims are ripe for review, Counts I and IV must be dismissed pursuant to Rule 12(b)(6) as they fail to state a cognizable claim. Plaintiff refutes these arguments generally and argues that the claims, as pled, are both ripe and legally sufficient.

As noted, Defendant moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6). Under Rule 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim. Fed. R. Civ. P. 12(b)(1). "If a claim is not ripe, the court should

dismiss it for lack of subject matter jurisdiction." *River Thames Ins. Co. v. 5329 West, Inc.*, 1995 WL 241490, at *2 (E.D. Pa. 1995). Because this Court finds that it lacks subject matter jurisdiction, it need not consider the arguments made for dismissal under Rule 12 (b)(6).

In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack. *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977); *Constitution Party of Pa. v. Aichele,* 757 F.3d 347, 357 (3d Cir. 2014). In reviewing a facial challenge where the sufficiency of the pleadings is contested, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elec. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000). Where a Rule 12(b)(1) motion is filed prior to an answer, as is the case here, it will be considered a facial challenge to jurisdiction.[1] *Id.* at 358.

When considering such a facial challenge, a court must apply the same standard of review that is applied to a motion to dismiss under Rule 12(b)(6). *Id*. As such, well-pleaded factual allegations are taken as true, and reasonable inferences are drawn in the plaintiff's favor. *Id*. A complaint will be dismissed for lack of standing or subject matter jurisdiction only if it appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). The plaintiff bears the burden of establishing subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Even though pleadings and other submissions by *pro se* litigants are subject to liberal construction and courts are required to accept the truth of a plaintiff's well-pleaded allegations while drawing reasonable inferences in the plaintiff's favor, *Wallace v. Fegan*, 455 F. App'x

---

[1] A factual challenge, though not applicable herein, "is an argument that there is no subject matter jurisdiction because the facts of the case—and here the District Court may look beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction." *Constitution Party*, 757 F.3d at 358.

137, 139 (3d Cir. 2011) (citing *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam)), a *pro se* complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

Plaintiff's complaint purports to assert four claims against Defendant; *to wit*: at Counts I through III, Plaintiff challenges Defendant's testing accommodation policies and the denial of her request for such accommodations under Title III of the ADA ("Title III"), 42 U.S.C. §§ 12181-89; and at Count IV, Plaintiff avers that Defendant coerced, intimidated, threatened or interfered with the exercise of her ADA rights in violation of Title IV of the ADA, 42 U.S.C. § 12203(b).[2] Plaintiff seeks various forms of monetary and injunctive relief.

In light of the Rule 12(b)(1) motion to dismiss, this Court must first determine whether it has subject matter jurisdiction. *See Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36, (3d Cir. 1981). Defendant argues that the claims asserted are not ripe for judicial review because Plaintiff has not alleged sufficient factual allegations to support injunctive relief. This so-called "ripeness" doctrine stems from Article III of the United States Constitution which limits the federal court's jurisdiction to justiciable cases or controversies. *See Lujan,* 504 U.S. at 559. "The ripeness doctrine determines 'whether a party has brought an

---

[2] Although it is unclear, Plaintiff also appears to seek relief, *in part*, under 42 U.S.C. § 1983 ("§ 1983"). (*See* Compl. Prayer for Relief at ¶¶ e-f). To the extent that Plaintiff asserts a § 1983 claim against Defendant, such claim is dismissed pursuant to 12(b)(6) because Defendant is not a state actor. *See Kach v. Hose*, 589 F.3d 626, 647 (3d Cir. 2009) (holding that a plaintiff seeking to hold a defendant liable under § 1983 "must establish that she was deprived of a federal constitutional or statutory right by a state actor"); *see also Mahmood v. Nat'l Bd. of Med. Exam'rs*, 2012 WL 2368462, at *3 (E.D. Pa. June 21, 2012) (dismissing § 1983 claims against the National Board of Medical Examiners, *in part*, because it is not a state actor but rather a private entity that provides testing services and exam services to prospective medical school applicants).

action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" *Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Eng'rs, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009) (quoting *Peachlum v. City of York,* 333 F.3d 429, 433 (3d Cir. 2003)). In determining whether a case is ripe, courts generally examine "(1) 'the fitness of the issues for judicial decision,' and (2) 'the hardship to the parties of withholding court consideration.'" *Surrick v. Killion,* 449 F.3d 520, 527 (3d Cir. 2006) (quoting *Abbott Labs. v. Gardner,* 387 U.S. 136, 149 (1967)). A court's assessment of fitness includes "whether the claim involves uncertain and contingent events that may not occur as anticipated or at all; the extent to which a claim is bound up in the facts; and whether the parties to the action are sufficiently adverse." *Phila. Fed. of Teachers, Am. Fed. of Teachers, Local 3, AFL-CIO v. Ridge,* 150 F.3d 319, 323 (3d Cir. 1998). "The second prong focuses on the hardship that may be entailed in denying judicial review, and the determination whether any such hardship is cognizable turns on whether the challenged action creates a direct and immediate dilemma for the parties . . . ." *Id.*

Under this standard, this Court finds that Plaintiff's claims are not ripe for adjudication because they turn on hypothetical, contingent events. At Counts I through IV, Plaintiff seeks relief pursuant to various subsections of Titles III and IV of the ADA. However, the only form of relief available to Plaintiff under either Title III or Title IV's anti-retaliation provision, 42 U.S.C. § 12203, is prospective injunctive relief. *See* 42 U.S.C. § 12188(a) (the remedies available to private claimants under Title III of the ADA shall be those set forth in 42 U.S.C. § 2000a-3(a), which allows a private right of action for "preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order . . . ."); *Datto v. Harrison,* 664 F. Supp. 2d 472, 487 (E.D. Pa. 2009) (recognizing that the only form of relief

available to a plaintiff asserting a retaliation claim under 42 U.S.C. § 12203 is prospective injunctive relief). Notably, nowhere in the complaint does Plaintiff allege that she is registered for a future administration of the LSAT or, more pertinently, that she requested accommodations for a future LSAT administration and that her request was denied. Rather, she alleges only events that have occurred in the past; *i.e.,* that she applied and was denied accommodations for the June 2015 examination. (*See* Compl. at ¶7). In her response to the motion to dismiss, Plaintiff offers that she is currently registered for the December 2017 LSAT examination and has requested accommodations for the examination. These assertions are not part of her complaint, and this Court cannot consider them in resolving Defendant's motion to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo,* 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to the motion to dismiss."); *Gundlach v. Reinstein*, 924 F. Supp. 684, 688 n.4 (E.D. Pa. 1996) (refusing to consider allegation that was not in complaint but appeared for the first time in plaintiff's legal memoranda regarding a 12(b)(6) motion). Moreover, there is no allegation made that Defendant has or will deny Plaintiff's pending accommodation request. Thus, the adjudication of the perceived controversy is "premature because the injury is speculative and may never occur." *Presbytery of N.J. of the Orthodox Presby. Church v. Florio,* 902 F. Supp. 492, 503 (D.N.J. 1995) (quoting Erwin Chemerinsky, *Federal Jurisdiction*, § 2.4 (1989)).

As to the second component of a ripeness inquiry, Plaintiff has not shown that she will suffer a hardship if the review of her claim is deferred. Should Defendant grant Plaintiff's request for accommodations for the December examination, Plaintiff clearly will not suffer any injury. On the other hand, should Plaintiff's pending accommodations request be denied, she may seek redress. Under these circumstances, this Court finds that Counts I through IV are not

ripe for determination. Consequently, the motion to dismiss is granted and the complaint is dismissed, without prejudice.

*Leave to Amend*

Rule 15 permits a court to grant a party leave to amend its pleadings, *see* Fed. R. Civ. P. 15(a)(2), and such leave should be freely given "when justice so requires." *Id.* The Third Circuit has instructed courts that where a complaint is vulnerable to a Rule 12(b)(6) dismissal, the district court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008) (citing *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004)). In this context, "'futility' means that the complaint, as amended, would still fail to state a claim upon which relief could be granted." *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997)). Having reviewed the complaint and the parties' submissions in connection thereto, this Court concludes that it is in the interest of justice to grant Plaintiff leave to amend her complaint to allege additional facts that would support the exercise of jurisdiction over the claims alleged therein.

**CONCLUSION**

For the reasons stated herein, Defendant's motion to dismiss is granted, with leave to amend to the extent that Plaintiff is able to plead facts sufficient to cure the jurisdictional defects identified herein. Plaintiff shall have fourteen (14) days in which to amend her complaint to clearly allege facts sufficient to state ripe claims for relief. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, U.S.D.C. J.